## JOSEPH W. WOODS & SONS CO. et al. v. SOUTHERN TRUST CO. et al.

## JOSEPH W. WOODS & SONS CO. v. ROBINSON–RODERS CO., Inc.

(Circuit Court of Appeals, Third Circuit. June 14, 1926.)

### Nos. 3450, 3451.

**Corporations ⚏474—Deferred pledge of bonds pursuant to promise at time of loan is valid (Stock Corporation Law N. Y. [Consol. Laws, c. 59] § 55).**

Pledge by corporation of its bonds as security for prior loans made to it, with understanding that, when issued, this should be done, is not one to secure an antecedent debt, in the sense that, under Stock Corporation Law N. Y. § 55, it would be invalid.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit by the Joseph W. Woods & Sons Company against the Robinson-Roders Company, Inc., in which John Milton and another were appointed receivers for defendant. From decrees awarding distribution in favor of the Southern Trust Company and others, complainant and others appeal. Affirmed.

McDermott, Enright & Carpenter, of Jersey City, N. J., for appellants.

R. L. von Bernuth, of New York City (John L. Wilkie, of New York City, of counsel), for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and GIBSON, District Judge.

WOOLLEY, Circuit Judge. The decrees here on appeal relate to the administration of

assets of the Robinson-Roders Company, a corporation of New York, by its receivers. The court, by the decrees, approved and confirmed the report of a master, when modified, awarding distribution according to the number of bonds of the company lawfully pledged to the Southern Trust Company, Union Trust Company, Exchange Trust Company and Exchange National Bank, and the number lawfully owned by Alice L. Skillern, J. A. Edson and P. B. Hill, claimants, respectively, to portions of a fund which came from a sale of the corporation's property free of the lien of the mortgage issued to secure the bonds. The court further adjudged the bonds lawfully issued and a valid and subsisting lien on the money in the hands of the receivers.

The questions involved had their rise in many transactions between the Robinson Company and the four named banking institutions of Little Rock, Arkansas, and concern the borrowing of money, multiplied and complicated by that company's need of funds and the close relation of the banks one to another. Aside from the claims of Skillern, Edson and Hill and the claim of the Exchange Trust Company for a loan made on the pledge of bonds after they had been issued, concerning which there is no dispute, there is, as to all other claims, the common question whether mortgage bonds of a New York corporation can lawfully be pledged for a preexisting indebtedness under the provision of a New York statute that "no corporation shall issue either stock or bonds except for money, labor done or property actually received for the use and lawful purposes of such corporation. * * *" Section 55 of the Stock Corporation Law of the State of New York (Consol. Laws, c. 59).

That bonds issued to secure an antecedent debt are invalid under New York law cannot be doubted. And so, a pledge of newly issued bonds to secure an antecedent debt is equally invalid. Re Progressive Wall Paper Corporation, 229 F. 489, 496, 143 C. C. A. 557, L. R. A. 1916E, 563. Recognizing that law, the question in dispute is whether, as matters of fact, the pledges here involved were made to secure debts of that kind. The court held that, though prior in point of time, they were not such debts within the meaning of the law and disposed of the case partly on Westinghouse Electric & Mfg. Co. v. Brooklyn R. T. Co. (D. C.) 288 F. 221. When the court made this finding our decision in Rahway National Bank v. Thompson, 7 F.(2d) 419, holding, on a provision of the Pennsylvania Constitution

identical in substance with the quoted provision of the New York statute, that a deferred pledge of bonds pursuant to a promise made before or at the time of a loan is valid, had not been rendered; yet the learned trial judge grounded his decision as squarely on that law as though it had been before him. As the law of that case rules this case, we are concerned only with the facts of the loan transactions. If we were to trace their tortuous trails in this opinion, it would add nothing to our decision. It will, therefore, be enough to say that we find evidence proving that the loans made before the issue and pledge of the bonds were made on the corporation's representation of its proposed bond issue and on an understanding between it and the banks that, when issued, the bonds would be given as collateral for the loans. Until eventually the pledges were made, the loans, except one, stood without any security.

It is quite obvious that as the Rahway Case had not been decided, counsel did not direct the attention of witnesses explicitly, or even generally, to antecedent promises to pledge bonds when issued and, in consequence, the testimony of the witnesses on that subject was not direct or concise; yet a study of the whole record has satisfied us that the money loaned by the several banking institutions prior to the issue of the bonds and prior to their pledge as collateral was loaned on an understanding with the corporation that, when issued, the bonds should be pledged.

Just here arises another question based on the appellants' assertion that the bonds were not pledged at all but were delivered to certain of the trust companies for sale. This is partly true. We find, as did the trial court, that the bonds were given the trust companies to sell, with directions to liquidate their claims with the proceeds, but they were given also with the understanding that until sold they should be retained as collateral for their loans. These, like many other transactions, were involved, yet are capable of explanation.

The final question concerns the authority of the corporation's agent to pledge the bonds. These transactions also were loose, though not necessarily irregular. As the corporation received benefits from the pledges, positive in some instances and negative in others, and as it never repudiated or, indeed, questioned them, we have not been convinced that the informality in the conduct of its business amounted to invalidity.

The decrees are affirmed.